UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30111-MAP

| | |
|---|---|
| JAMES V. CARIDDI,<br>Plaintiff<br><br>v.<br><br>CONSOLIDATED ALUMINUM CORPORATION,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

In this action, Plaintiff seeks payment from Defendant of his costs for environmental response actions associated with oil and/or hazardous substance contamination at his property pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and state law, M.G.L. c. 21E. Defendant now moves to dismiss Plaintiff's CERCLA claim (Count I) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it fails to state a claim upon which relief can be granted.

### FACTS

The following facts relevant to this motion are taken from Plaintiff's Complaint and, for the purposes of this motion only, are deemed true:

Plaintiff, James V. Cariddi ("Mr. Cariddi") is the current owner of property located at 106-108 State Road, North Adams, Massachusetts (the "Property"). (Complaint, ¶¶ 1 & 5). Defendant, Consolidated Aluminum Corporation ("Conalco") owned the Property between 1967 and 1976, when it transferred the Property to Mr. Cariddi. (Complaint, ¶¶ 10-12).

{J:\CLIENTS\env\303730\0001\federal\00544715.DOC;2}

The Property is the location of a release of oil or other hazardous substances and, as such, is a "Facility" under CERCLA, for which Mr. Cariddi has incurred and will incur future response costs in accordance with CERCLA to assess and cleanup the releases at the Property. (Complaint ¶¶ 38-43).

Mr. Cariddi brings this action against Conalco seeking reimbursement of his past and future costs pursuant to CERCLA (Count I) and state law, M.G.L. c. 21E (Count II). Mr. Cariddi also seeks a declaratory judgment (Count III) as to Conalco's liability for Mr. Cariddi's future response costs. (Complaint, ¶¶ 37-54).

By this motion, Conalco seeks to dismiss Mr. Cariddi's CERCLA claim (Count I) on the ground that it fails to state a claim upon which relief can be granted.

### LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a party's pleadings. The allegations are taken as true. *Jenkins v. McKeithen, et al.*, 395 U.S. 411, 421 (1969). The Complaint is then examined to determine if a claim for relief has been made. In the case at bar, even if all facts contained in Plaintiff's Complaint are taken as true, as a matter of law, Conalco cannot be held liable to Mr. Cariddi under CERCLA and his CERCLA claim must be dismissed.

### ARGUMENT

Because Mr. Cariddi Is Himself A Responsible Party Under 42 U.S.C. § 9607 And Because He Is Not Subject To A Governmental Civil Action Or An Administrative Or Judicially Approved Settlement, He Has No CERCLA Claim.

On its face, CERCLA appears to offer two avenues for private parties to recover response costs incurred to remediate environmental conditions present at contaminated properties: 42

U.S.C. § 9607 allows for the full recovery of costs against a responsible party, and 42 U.S.C. § 9613(f) allows a party found liable under Section 9607 to bring an action for contribution against other liable parties.

As applied by the courts, however, only an innocent party, usually the government, may bring a cost recovery action under Section 9607. *U.S. v. Davis*, 261 F. 3d 1, 28-29 (1st Cir. 2001); *United Technologies v. Browning–Ferris Ind.*, 33 F. 3d 96, 100 (1st Cir. 1994) ("only innocent parties – not parties who were themselves liable – [are] permitted to recoup the whole of their expenditures" under Section 9607). By contrast, Section 9613 allows a "non-innocent" party, (i.e., a party who itself is liable) to seek contribution, rather than complete recovery from other liable persons. Id. "The statuary language thus suggests that cost recovery and contribution actions are distinct and do not overlap." Id.

It is well established that a party which is itself a "potentially responsible party" (PRP) under CERCLA must bring an action in contribution under Section 9613, not Section 9607, in order to recover any cleanup costs. See, e.g., *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F. 3d 1489, 1496, 1513-1514 (11th Cir. 1996) (party not qualifying as "innocent" may only bring claim against other responsible parties under Section 9613, not Section 9607); *Control Data Corp. v. S.C. Corp.*, 53 F. 3d 930, 934-935 (8th Cir. 1985) (private party cost recovery cost action involved two steps, proving liability under Section 9607 and seeking contribution under Section 9613); *United States v. Colorado & E.R.R.*, 15 F. 3d, 1534-1536 (10th Cir. 1995) (cost recovery against liable party must be brought under Section 9613, not under Section 9607); *In re Dant & Russell, Inc.*, 951 F. 2d 246, 249-50 (9th Cir. 1991) (recovery claim brought under CERCLA by a potentially responsible party limited to claims for contribution); *Akzo Codings, Inc. v. Aigner Corp.*, 30 F. 3d 761, 764 (7th Cir. 1994) (where plaintiff is liable itself, its claim is for

contribution); _Centerior Serv. Co v. Acme Scrap Iron & Metal Corp._, 153 F. 3d 344, 356 (6th Cir. 1998) (potentially responsible parties may not bring an action for joint and several cost recovery, but are limited to actions for contribution under Section 9613); _Amoco Oil Co. v. Borden, Inc._, 889 F. 2d. 664, 672 (5th Cir. 1989) (suit by one liable party against another for recovery of response action cost is for contribution); _Pneumo Abex Corp. v. High Point, Thomasville & Denton R.R._, 142 F. 3d 769, 776 (4th Cir. 1998) (parties potentially liable for cleanup costs under Section 9607 must seek contribution); _Bedford Affiliates v. Sills_, 156 F. 3d 416, 424 (2nd Cir. 1998) (potentially responsible person is limited to contribution claim under Section 9607).

The circumstances under which parties may assert contribution claims pursuant to Section 9613 was addressed recently by the United States Supreme Court in _Cooper Industries, Inc. v. Aviall Services, Inc._, 125 S. Ct. 577 (2004). In _Cooper Industries_, the Supreme Court held that contribution claims are authorized under Section 9613 "only 'during or following any civil action' under Section [9606] or [9607](a)." Id. at 543. Based upon the clear meaning of CERCLA, the Supreme Court ruled that a private party may not assert a claim under Section 9613 in the absence of a civil action or an administrative or judicially approved settlement resolving the claiming parties liability to the United States or the state. Id. at 583.

In this action, Mr. Cariddi does not allege a claim under either Section 9607 or Section 9613. Instead, he alleges that "pursuant to CERCLA, 42 U.S.C. Section 9601 _et seq._, [Conalco is liable to Mr. Cariddi] for his past and future response costs incurred to assess and cleanup releases," (Complaint ¶ 43) and makes demand for judgment "against defendant in such amount as plaintiff establishes as his response costs incurred" and to "pay all future costs incurred by plaintiff." (Complaint, page 11). Because Mr. Cariddi's allegations make no

reference to contribution, but seek exclusively the recovery of his response costs, his CERCLA claim would appear to be under Section 9607, not Section 9613. See *Zinermon v. Burch,* 494 U.S. 113, 118 (1990) (in ruling on a Rule 12(b)(6) motion, the court must view facts pled in a light most favorable to plaintiff and make all reasonable inferences in favor of plaintiff). Nonetheless, to the extent that Plaintiff's claims might be deemed to sound in contribution, Plaintiff's Complaint fails to state a claim for relief under Section 9613 because it fails to allege, in accordance with *Cooper Industries*, that Mr. Cariddi is subject to or has resolved any civil action or administrative claim with the United States or the state so as to give rise to a contribution claim under Section 9613.

To the extent that Mr. Cariddi's CERCLA claim is brought pursuant to Section 9607 as a direct claim for recovery of response cost, that claim must, too, fail. Section 9607 is available only to parties who are not themselves responsible parties. *United Technologies*, 33 F. 3d at 100; Accord, *Bedford Affiliates*, 156 F. 3d at 423-424; *New Castle County v. Halliburton NUS Corp.*, 111 F. 3d 1116, 1122 (3rd Cir. 1997). As a matter of law, Mr. Cariddi is liable pursuant to Section 9607(a)(1) as the current owner of the property. 42 U.S.C. § 9607(a) (establishing four classes of "potentially responsible persons" including: (1) the owner and operator of a Facility). See *Bedford Affiliates*, 156 F. 3d at 423-425 (plaintiff cannot pursue Section 9607 cost recovery claim against defendants due to plaintiff's status as a potentially responsible person under Section 9607(a)(1)).

While Mr. Cariddi alleges that his uses of the Property "have not included any industrial machinery containing significant amounts of oil and there have been no spills, leaks or releases of oil from those operations," (Complaint, ¶ 19), such allegations do not relieve Mr. Cariddi from Section 9607(a)(1) liability. See *Bedford Affiliates*, 156 F. 3d at 425 (rejecting plaintiff's

argument that because it did not actually cause the contamination, it could proceed with a Section 9607 cost recovery claim; court instead ruled that plaintiff was strictly liable as the current owner). Moreover, Mr. Cariddi has made no allegation, nor could he, that he is entitled to any of the defenses to Section 9607(a) found at Section 9607(b). See _Sinclair Oil Corp. v. Dymon, Inc._, 988 F. Supp. 1394, 1397 (D. Kan. 1997) (plaintiff could not bring cost recovery claim under CERCLA where owner failed to plead innocent landowner defense, and plaintiff's claim that it did not add to the contamination of the site did not, by itself, permit the plaintiff to shed the PRP label); _M & M Realty Co. v. Eberton Terminal Corp._, 977 F. Supp. 683, 687 (M. D. Penn. 1997) (for a PRP to bring a cost recovery action under Section 9607, it must adequately plead its status as an innocent landowner); _City of Wichita v. Aero Holdings, Inc._, 177 F. Supp. 2d 1153, 1169 (D. Kan. 2000) (innocent landowner defense is not available to city who failed to raise the defense); _Soo Line R. Co. v. Tang Industries, Inc._, 998 F. Supp. 889, 895 (N. D. Ill. 1998) (plaintiff is required to plead its own innocence before it can bring suit under Section 9607).

For these reasons, Mr. Cariddi's CERCLA claim (Count I) fails to state a claim upon which relief can be granted and therefore must be dismissed.

Respectfully submitted,

CONSOLIDATED ALUMINUM CORPORATION
By its attorney,

Robert D. Cox, Jr., Esq., BBO #546486
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone: (508) 926-3409
Facsimile: (508) 929-3012

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on _____ 6/7/05

Dated: June 7, 2005

{J:\CLIENTS\env\303730\0001\federal\00544715.DOC;2}                6