UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30111-MAP

|  |  |
|---|---|
| JAMES V. CARIDDI,<br>        Plaintiff<br><br>v.<br><br>CONSOLIDATED ALUMINUM CORPORATION,<br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT
## CONSOLIDATED ALUMINUM CORPORATION

Defendant, Consolidated Aluminum Corporation ("Conalco") answers the allegations

contained in Plaintiff's Complaint as follows:

The first paragraph to the Complaint, entitled "Nature of the Action," is an introductory

paragraph to which no response is required. To the extent a response is required Conalco denies

the averments of this paragraph.

1.      Conalco is without knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

2.      Conalco admits that it is a New York corporation and that it is the successor by

merger to Phelps Dodge Aluminum Products Corporation and denies the remaining allegations

of paragraph 2.

3.      This paragraph asserts a conclusion of law to which no response is required.

4.      This paragraph asserts a conclusion of law to which no response is required.

5.      Admitted.

1

6.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Conalco admits that Phelps Dodge and Conalco occupies and used a portion of the facility.

9.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Conalco admits that a copy of the statement by Mr. Lappies dated September 10, 2003 is attached as an exhibit to Exhibit D to the Complaint and further states that that statement speaks for itself.

15.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

{J:\CLIENTS\env\303730\0001\federal\00545608.DOC;1}

17.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

24.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

25.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

26.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

27.    Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

3

28.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

29.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

30.     Denied.

31.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

32.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

33.     Conalco admits that by letter dated May 13, 2002, Mr. Carridi, through legal counsel, notified Conalco of his intent to seek damages and reimbursement and that a copy of that letter is attached as Exhibit B to the Complaint and further states that that letter speaks for itself and denies the remaining allegations of this paragraph.

34.     Conalco admits that by letter dated June 10, 2002, Conalco denied responsibility and that a copy of that letter is attached as Exhibit C to the Complaint and further states that that letter speaks for itself and denies the remaining allegations of this paragraph.

35.     Conalco admits that by letter dated February 5, 2004, Mr. Carridi notified Conalco of his intent to seek damages or reimbursement and that a copy of that letter is attached to Exhibit D to the Complaint and further states that that letter speaks for itself and denies the remaining allegations of this paragraph.

36.     Conalco admits that by letter dated October 29, 2004, Conalco, through legal counsel responded to Mr. Carridi's February 5, 2004 letter and that a copy of that letter is

4

attached as Exhibit E to the Complaint and further states that that letter speaks for itself and denies the remaining allegations of this paragraph.

## COUNT I

### (CERCLA)

37. – 43.    Conalco states that it has moved to dismiss Count I such no responsive pleading is required.

## COUNT II

### (M.G.L. c. 21E)

44.    Conalco incorporates by reference its responses to Paragraphs 1-43 above.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

## COUNT III

### (Declaratory Judgment)

51.    Conalco incorporates by reference its answers to Paragraphs 1-50 above.

52.    Denied.

53.    Denied.

{J:\CLIENTS\env\303730\0001\federal\00545608.DOC;1}

## FIRST AFFIRMATIVE DEFENSE

Count I of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of latches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole and in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Defendant, at all times, acted with due care.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily assumed the risk of injury and damages because Plaintiff knew, should have known, of the condition of the Property at the time Plaintiff acquired it and, therefore, Defendant is not liable.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any damages to which he may be entitled.

{J:\CLIENTS\env\303730\0001\federal\00545608.DOC;1}

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, as a responsible party under M.G.L. c. 21E, § 5(a), is liable in contribution for his equitable share of response costs.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff, as a responsible party under M.G.L. c. 21E, § 5(a), is not entitled to reimbursement of all response costs; instead, Plaintiff's claim is for contribution only under M.G.L. c. 21E, § 4.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole and in part, by his comparative negligence.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for future response costs are not authorized by M.G.L. c. 21E, § 4.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the provisions of M.G.L. c. 21E, § 4A; therefore, his claims are barred, in whole or in part.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join parties under Rule 19 needed for just adjudication.

Defendant reserves the right to supplement these affirmative defenses.

{J:\CLIENTS\env\303730\0001\federal\00545608.DOC;1}

WHEREFORE, Defendant respectfully requests that this court:

1.    Enter Judgment for Defendant against Plaintiff on all counts.

2.    Award Defendant its costs, including reasonable attorney's fees, expert witness fees and expenses; and

3.    Award such other relief as this Court deems just, equitable and proper.

## JURY DEMAND

CONALCO DEMANDS A TRIAL BY JURY AND ALL ISSUES SO TRIABLE.

## CORPORATE DISCLOSURE STATEMENT PURSUANT TO LOCAL RULE 7.3

Pursuant to Local Rule 7.3, Conalco states that Lonza America Inc. is parent corporation of Conalco.

Respectfully submitted,

Consolidated Aluminum Corporation
By its attorney,

Robert D. Cox, Jr., Esq., BBO #546486
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone:  (508) 926-3409
Facsimile:  (508) 929-3012

Dated:  June 7, 2005

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on   6/7/05

8

{J:\CLIENTS\env\303730\0001\federal\00545608.DOC;1}