**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**Civil Action No. 05-30111-MAP**

| | |
|---|---|
| **JAMES V. CARIDDI** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CONSOLIDATED ALUMINUM** | ) |
| **CORPORATION** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S OBJECTION TO**
**MAGISTRATE'S REPORT AND RECOMMENDATION**

Defendant Consolidated Aluminum Corporation ("Conalco") hereby objects to the

Magistrate's Report and Recommendation With Regard to Defendant's Motion to Dismiss (the

"Report"), which was entered upon the docket on September 26, 2005.

As grounds for this objection, Conalco states that the Report mischaracterizes the current

state of the law with respect to the Comprehensive Environment Response, Compensation, and

Liability Act ("CERCLA") in that the Magistrate finds that there exists an implied cause of

action for contribution under 42 U.S.C. Section 9607 ("Section 107") for Potentially Responsible

Parties ("PRP").

**A.    The Magistrate's reliance on <u>Key Tronic</u> and <u>Cooper</u> in finding an implied cause of action for contribution is misguided in that the <u>Cooper</u> decision both limits the holding in <u>Key Tronic</u> and cautions that Supreme Court case law precludes implied rights of action.**

The Magistrate relies on the <u>Cooper Industries, Inc. v. Aviall Servs., Inc.</u>, 125 S.Ct. 577

(2004) and <u>Key Tronic Corp. v. U.S.</u>, 511 U.S. 809 (1994) decisions in reaching the conclusion

that an implied cause of action for contribution exists under Section 107.  In doing so, the

Magistrate ignores certain key language in the <u>Cooper</u> decision both limiting the Supreme

Court's holding in <u>Key Tronic</u> and alluding to prior decisions rejecting implied causes of action.

With respect to its decision in <u>Key Tronic</u>, the <u>Cooper</u> Court admits that its decision in that case

was limited to whether "certain attorney's fees were not 'necessary cost of response' within the

meaning of Section 107...." <u>Cooper</u> at 585. The <u>Cooper</u> Court further stated that in reaching its

decision in <u>Key Tronic</u> it "did not address the relevance, if any, of <u>Key Tronic's</u> status as a PRP

or confront the relationship between Sections 107 and 113." <u>Id</u>. Consequently, the Magistrate's

reliance upon "*dictum*" in <u>Key Tronic</u> to suggest that the Supreme Court has supported an

expansive view of Section 107(a) is misplaced. Similarly, by placing significance on the failure

of the majority in <u>Cooper</u> to overrule <u>Key Tronic</u>, the Magistrate finds support where there is

none in that the <u>Cooper</u> Court did no more than place its prior "*dictum*" in proper perspective.

Furthermore, in declining to decide whether an implied right of contribution exists under

Section 107, the <u>Cooper</u> Court held up a large caution sign to both Aviall, the plaintiff in <u>Cooper</u>,

when recasting its Section 107 claim, and to the courts when asked to find an implied right to

contribution under Section 107. The <u>Cooper</u> Court stated:

> In addition to leaving open whether Aviall may seek cost recovery
> under § 107, ... we decline to decide whether Aviall has an
> implied right of contribution under § 107. ... *To the extent that
> Aviall chooses to frame its § 107 claim on remand as an implied
> right of contribution (as opposed to a right of cost recovery),*
> [footnote omitted] *we note that this Court has visited the subject of
> implied rights of contribution before.* See <u>Texas Industries v.
> Radcliff Materials, Inc.</u>, 451 U.S. [630] at 638-647 [(1981)]...;
> <u>Northwest Airlines v. Transport Workers</u>, 451 U.S. [77], at 90-99
> [(1981)].

<u>Cooper</u>, at 586. (Emphasis supplied).

In both <u>Texas Industries</u> and <u>Northwest Airlines</u>, the Supreme Court refused to recognize

either implied contribution rights in the federal statutes involved or federal common law

contribution rights. <u>Northwest Airlines</u>, 451 U.S. at 90-95; <u>Texas Industries</u>, 451 U.S. at 638-646. The <u>Cooper</u> Court's invocation of these two decisions suggests that the Supreme Court is dubious as to whether an implied right of contribution exists under Section 107.

The Magistrate's Report fails to give any consideration to, never mind the detailed analysis required by, <u>Texas Industries</u> and <u>Northwest Airlines</u> in finding an implied right of contribution in Section 107.[1]  The Magistrate's Report ignores the cautionary signal sent up by the <u>Cooper</u> Court, and both <u>Texas Industries</u> and <u>Northwest Airlines</u> stand in the way of this Court's recognition of an implied right of action in contribution under § 107.[2]

**B.     CERCLA includes a provision expressly providing for a right to contribution thereby precluding any *implied right* to contribution arising from a separate provision relating solely to actions for cost recovery by innocent parties.**

In the Report, the Magistrate recognizes that "statutory wording is crucial because 'it is ultimately the provisions of our laws rather than the principle concerns of our legislatures by which we are governed.'" <u>Report</u> at 8 citing <u>Cooper</u>, 125 S.Ct. at 584 (citations omitted). Further, the Magistrate voices his desire to abide by the "statutory canon that courts 'must, if possible, construe a statute to give every word some operative effect.'" <u>Report</u> at 8 citing <u>Cooper</u>, 125 S.Ct. at 583.  Although the Magistrate recognizes the above-referenced canons of statutory interpretation, he nonetheless ignores the express terms of Section 107, limiting its applicability to cost recovery actions, when furnishing an implied right to contribution under a statutory provision that is specifically tailored to address cost recovery actions only.

---

[1]  Nor were these issues briefed by the parties.

[2]  It should be noted that in <u>Texas Industries</u>, the Supreme Court stated, "In declining to provide a right to contribution, we neither reject the validity of the [petitioner's claimed right to contribution] nor adopt the views of those opposing contribution.  Rather, we recognize that, regardless of the merits of the conflicting arguments, this is a matter for Congress, not the courts to resolve."  The same conclusion, consistent with the Magistrate's reasoning, can be reached here. <u>Id</u>. at 646.

The Magistrate cites to the language in Section 107(a)(4)(B) which provides for recovery of "any other necessary costs of response incurred by any *other person*" in support of the contention that Section 107(a)(4)(B) "does not appear to limit who may sue under [S]ection 107." Report at 8  (Emphasis added).  This reading of Section 107(a) fails to interpret the terms of the statutory provision in their context.  "A reasonable interpretation of [Section 107(a)], particularly given its structure, is that the 'other persons' identified in subparagraph B refer to private parties other than those individuals described in section 107(a)(1)-(4) as 'covered' PRPs."  William Bradford Reynolds and Lisa K. Hsiao, *The Right of Contribution Under CERCLA After Cooper Indus. v. Aviall Servs.*, 18 Tul. Envtl. L.J. 339, 346-347 (2005).

Because CERCLA contains an explicit provision for contribution suits, a PRP under CERCLA must utilize the means Congress established in Section 113.  "Though some federal courts at one time have recognized an implied right of action for contribution via [Section 107] under the federal common law, the need for such an action was obviated by the addition of [Section 113] to CERCLA in 1986."  Mercury Mall Associates, Inc. v. Nick's Market, Inc., 368 F. Supp. 2d 513, 519 (E.D. Va. 2005).   Put simply, Courts "lack the authority to imply a cause of action where one does not exist simply to satisfy a policy concern."  Id.  "Contribution is a creature of statute, not common law…. [N]o federal right to contribution exists unless Congress creates one."  Mercury Mall at 520.

Moreover, the First Circuit previously examined the specific language of Sections 107 and 113 in the context of parties seeking "full recovery" verses "contribution rather than complete indemnity" in United Technologies Corp. v. Browning-Ferris Ind., 33 F. 3d 96 (1st Cir. 1994).  In United Technologies, the First Circuit concluded that "the statutory language [of § 107

and § 113] thus suggests that cost recovery and contribution actions are distinct and do not overlap." United Technologies at 100.

**C.   Because Plaintiff has conceded that he is not an "innocent party" under CERCLA he is therefore precluded from bringing any claims under Section 107.**

As stated in the Report, Plaintiff has conceded that he is a PRP and not an innocent party. Section 107 is available only to parties who are not themselves responsible parties. United Technologies v. Browning - Ferris, Ind., at 100; Bedford Affiliates v. Sills, 156 F. 3d 416, 423-425 (2nd Cir. 1998) (plaintiff can not pursue Section 107 claim against Defendants due to Plaintiffs status as a potentially responsible party under Section 107). See also Cadlerock Properties Joint Venture v. Schilberg, 2005 WL 1683494 (D. Conn.) (holding that Bedford Affiliates remains binding precedent foreclosing any and all implied contribution claims under Section 107).

It is well established that a party which is itself a PRP must bring an action in contribution under Section 113, not Section 107. See, e.g., Redwing Carriers, Inc. v. Saraland Apartments, 94 F. 3d 1489, 1496, 1513-1514 (11th Cir. 1996) (party not qualifying as "innocent" may only bring claim against other responsible parties under Section 113, not Section 107); Akzo Codings, Inc. v. Aigner Corp., 30 F. 3d 761, 764 (7th Cir. 1994) (where plaintiff is liable itself, its claim is for contribution under 113); Centerior Serv. Co v. Acme Scrap Iron & Metal Corp., 153 F. 3d 344, 356 (6th Cir. 1998) (potentially responsible parties may not bring an action for joint and several cost recovery under 107, but are limited to actions for contribution under Section 113); Amoco Oil Co. v. Borden, Inc., 889 F. 2d. 664, 672 (5th Cir. 1989) (suit by one liable party against another for recovery of response action cost is for contribution); Pneumo Abex Corp. v. High Point, Thomasville & Denton R.R., 142 F. 3d 769, 776 (4th Cir. 1998) (parties potentially liable for cleanup costs under Section 107 must seek contribution under 113).

## **CONCLUSION**

For the foregoing reasons, Defendant Consolidated Aluminum Corporation hereby objects to the Magistrate's Report and Recommendation in its entirety in that the Report finds that an implied right of action for contribution exists for potentially responsible parties under Section 107 of CERCLA.

CONSOLIDATED ALUMINUM CORPORATION

By its attorneys,

Robert D. Cox, Jr., Esq., BBO #546486
Ryan T. Killman, Esq., BBO #654562
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone:  (508) 926-3409
Facsimile:  (508) 929-3012

Dated:   October 6, 2005