UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-cv-30111-MAP

| | |
|---|---|
| James V. Cariddi, | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Consolidated Aluminum Corporation, | ) |
|     Defendant | ) |

**OPPOSITION OF PLAINTIFF, JAMES V. CARIDDI,
TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Court's Amended Scheduling Order, Plaintiff, James V. Cariddi ("Cariddi"), hereby opposes the motion of Defendant, Consolidated Aluminum Corporation ("Conalco"), for summary judgment as to Counts I, II and III of the Complaint and cross-moves for summary judgment as to liability on Count II (Mass. Gen. Laws c. 21E) and as to a declaration of liability on Count III (Declaratory Judgment).

As grounds for his opposition and this cross-motion, Cariddi states that there are genuine issues of material fact precluding summary judgment on Count I (as set forth below); there are no genuine issues of material fact with respect to Counts II and III; and he is entitled to judgment

as a matter of law on Counts II and III. In addition to the pleadings and the materials submitted to the Court in support of Defendant's Motion for Summary Judgment, Cariddi relies upon the sworn statement and depositon testimony of Norman R Lappies attached as exhibits to the to the Affidavit of Christopher B. Myhrum, Esquire, and Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment, filed herewith.

**Plaintiff's Response to Defendant's Concise Statement of Material Facts**

While there appears to be general agreement between the parties as to the undisputed facts, Cariddi in accordance with Local Rule 56.1 sets forth below Defendant's factual statements as to which Cariddi contends a genuine issue exists:

1. "There is no evidence suggesting that hazardous substances or materials were added to, or mixed in with the oils used by Conalco during or after use." Conalco Memo. at 3.

**Plaintiff's Response**: Hazardous substances and materials were found in samples from the the basement at 106-108 State Road, North Adams, Massachusetts (the "Property"). Answers to Interrogatories 15 and 16 in Plaintiff's Responses to Defendant's First Set of Interrogatories ("Defendant's Interrogatories"), Exhibit B to Affidavit of Robert D. Cox, Esquire. Given the undisputed evidence that waste oil and mineral spirits were mixed prior to disposal into the basement by Conalco, Statement of Norman Lappies ("Lappies Statement") at ¶¶ 11-12, Exhibit A to Affidavit of Christopher B. Myhrum, Esquire ("Myhrum Affidavit"); Deposition of Norman R. Lappies at 68, 72, 73, 88, 160, 167-187 ("Lappies Deposition"), Exhibit B to Myhrum Affidavit, the finder of fact could reasonably conclude that Conalco added hazardous substances and materials into the oil it discarded at the Property.

2. "Nor is there any information suggesting that the oils used by Conalco contained hazardous substances or materials not normally present, or not normally found, or at higher than normal levels found in those oils. There is no evidence that the oils used by Conalco were contaminated by hazardous substances or materials through their use, or that hazardous substances or materials were added through or as a result of industrial processing." (Conalco's citations to the record omitted). Conalco Memo. at 3.

**Plaintiff's Response**: These statements are not material and are misleading about the applicable burden of proof. The material question under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") is not whether there is information tending to establish that substances were present in the waste oil at higher than normal levels, but rather whether there is any evidence tending to establish that the hazardous substances and materials found in the waste oil were not present in the oil before Conalco contaminated it with mineral spirits and dumped it in the basement.

3. "All persons who observed the 'oily' material found in the basement of the Property some 25 years after Concalco ceased operations describe it as 'oil,' not as a hazardous substance or material." Conalco Memo. at 4.

**Plaintiff's Response**: How persons describe the appearance of waste oil 25 years after Conalco disposed of it at the Property is irrelevant to the classification under CERCLA or Mass. Gen. Laws c. 21E of the material Conalco dumped and left behind when it shut down its manufacturing operations, sold the Property and left town. The statement cannot be made on personal knowledge and is not supported by affidavit. Moreover, the statement standing alone cannot contradict the direct testimony of an eyewitness, former Conalco employee Norman R. Lappies, that that Conalco used mineral spirits solvents to cleanup areas

3

contaminated with spilled oil and disposed of waste oil at the Property, Lappies Statement at paragraph 12.

### Request for Oral Argument

Cariddi believes that oral argument may be of assistance to the Court and hereby requests that this motion be heard.

                The Plaintiff
                JAMES V. CARIDDI
                By his attorneys,

                /s/ Christopher B. Myhrum
                Christopher B. Myhrum, Esq.
                 BBO#  365980
                Gastón de los Reyes
                 BBO# 662200
                Bulkley, Richardson and Gelinas, LLP
                1500 Main Street
                Suite 2700
                Springfield, MA  01115-5507
                Tel:  (413) 781-2820

Dated:  May 1, 2006

### Certificate of Service

I, Christopher B. Myhrum, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                /s/ Christopher B. Myhrum
                Christopher B. Myhrum

### Certificate of Compliance with Local Rule 7.1

Pursuant to Local Rule 7.1(A)(2), I hereby certify that I have conferred with counsel for plaintiff and have attempted in good faith to resolve or narrow the issues presented in this motion.

                /s/ Christopher B. Myhrum
                Christopher B. Myhrum