UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30111-MAP

|  |  |
|---|---|
| JAMES V. CARIDDI,<br>Plaintiff<br><br>v.<br><br>CONSOLIDATED ALUMINUM CORPORATION,<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION OF DEFENDANT TO**
**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

In accordance with the Court's Amended Scheduling Order, and Rule 56 of the Federal Rules of Civil Procedure, Defendant, Consolidated Aluminum Corporation ("Conalco") hereby opposes the cross-motion for summary judgment of Plaintiff, James V. Cariddi ("Cariddi") as to Count II and Count III.

In support of this opposition, Conalco states that there are genuine issues of material fact precluding entry of summary judgment for Cariddi on Count II and Count III. In support of this opposition, Conalco relies upon the pleadings and materials submitted to the court in support of Defendant's motion for summary judgment, and by Cariddi's cross-motion, and the Defendant's Memorandum and Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Memorandum in Opposition to Plaintiff's Cross-Motion for Summary Judgment, and Affidavit of Robert D. Cox, Jr., filed herewith.

### Defendant's Response to Plaintiff's Concise Statement of Material Facts

The parties approached this litigation following good faith negotiations pursuant to M.G.L. c. 21E, § 4A and pursuant to an agreement to disagree as to the legal standard under M.G.L. c. 21E, § 5(a)(5), and upon their agreement to:

> expeditiously resolve through motion practice in any court in which Cariddi's action is pending the disputed issue between them with respect to the legal standard for establishing liability of a prior owner as a person who 'otherwise caused' a release of oil under G.L. c. 21E, § 5(a)(5) as applied to the facts in this matter.

(See Agreement dated April 28, 2005 between James V. Cariddi and Consolidated Aluminum Corporation appended to the Parties' Joint Statement for Initial Scheduling Conference filed with the court on or about July 12, 2005). The parties agreed to reserve unresolved issues, including among others, allocation, contribution or equitable shares of response action cost, for further discussions pursuant to G.L. c. 21E, § 4A(b).

As the litigation subsequently unfolded, the parties' positions altered and additional investigations were conducted. While the parties understood their prelitigation dispute to revolve around the legal standard under G.L. c. 21E, § 5(a)(5) arising out of a release of "oil," Cariddi commenced an action based upon a release of "hazardous substances" under the Comprehensive Environmental Response and Compensation Liability Act ("CERCLA") and G.L. c. 21E, § 5(a)(2) and (3) resulting in disputed facts. In accordance with Local Rule 56.1, set forth below are Plaintiff's factual statements as to which Defendant contends a genuine issue exists:

1. "During Conalco's ownership and operation of the property, Conalco employees performed 'cleanup' of work by disposing of <u>waste oil</u> to the basement area below the work area." (Cariddi Memo at 2). (Emphasis supplied).

**Defendant's Response:** Characterization of the materials disposed as "waste oil" is disputed. The term "waste oil," while not defined by G.L. c. 21E, is referenced in the definition of "oil," (see M.G.L. c. 21, § 2) and defined by 310 CMR 40.0000 et seq. Given the undisputed evidence that only oil or petroleum products were used by Conalco in drawing aluminum tubing (Conalco Memo at 3; Lappies Depo. Trans. pp. 53-54, and 174; Feldman Affidavit, ¶ 5; Cariddi Opposition) the finder of fact could reasonably conclude that no "waste oil" was disposed to the basement area below the work area.

> 2. "Mr. Lappies observed the application of mineral spirits solvents and the use of squeegees to dispose to the earth floor or concrete block room beneath the work area <u>waste oil</u> that had accumulated in the work area due to the continuous build up on the floor from releases of oil from aluminum tubing drawing operations." (Cariddi Memo. at 2). (Emphasis supplied).

**Defendant's Response:** Plaintiff repeats and incorporates by reference its response in paragraph 1. above relating to "waste oil."

> 3. "Samples of soil collected from the area where Conalco released and disposed of oil and <u>waste oil</u> contained hazardous substances and hazardous materials." (Cariddi Memo. at 2). (Emphasis supplied).

**Defendant's Response:** Plaintiff repeats and incorporates by reference its response in paragraph 1. above relating to "waste oil."

- 3 -

4. "Because Conalco continued to refuse to participate as a responsible party in the assessment and cleanup of the property, Cariddi commenced this litigation to recover response costs." (Cariddi Memo. at 3).

**Defendant's Response:** While this statement is not material, it is misleading. As noted above, the parties agreed to disagree as to the legal standard applicable to "causation" under Section 5(a)(5) and agree to reserve for further discussion pursuant to M.G.L. c. 21E, § 4(a)(b) other disputed issues.

### Request for Oral Argument

Conalco requests oral argument on its motion and Plaintiff's cross-motion for summary judgment.

Respectfully submitted,

CONSOLIDATED ALUMINUM CORPORATION
By its attorneys,

/s/ *Robert D. Cox, Jr*
Robert D. Cox, Jr., BBO#546486
Ryan T. Killman, BBO# 654562
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, Massachusetts 01615-0156
Telephone: (508) 926-3409
Facsimile: (508) 929-3012
rcox@bowditch.com

Dated: May 12, 2006

- 5 -

## CERTIFICATE OF SERVICE

I, Robert D. Cox, Jr., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on May 12, 2006.

/s/ *Robert D. Cox, Jr.*