UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30111-MAP

|   |   |
|---|---|
| JAMES V. CARIDDI, <br> Plaintiff <br><br> v. <br><br> CONSOLIDATED ALUMINUM CORPORATION, <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT CONSOLIDATED ALUMINUM CORPORATION'S RESPONSE TO PLAINTIFF'S OBJECTION TO CHIEF MAGISTRATE JUDGE'S RECOMMENDATIONS ON CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to the provisions of Rule 3(c) of the Rules of the United States Magistrate in the United States District Court for the District of Massachusetts, Defendant, Consolidated Aluminum Corporation ("Conalco") submits the following response to the objections of Plaintiff, James V. Cariddi ("Cariddi" or "Plaintiff"), to the Chief Magistrate Judge's Report and Recommendation with Regard to Cross-Motion for Summary Judgment issued November 15, 2006 ("Report").

**1.     The Chief Magistrate Judge correctly recommends entry of summary judgment for Conalco on Cariddi's claims under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 USC §§ 9601 et. seq.**

In the materials submitted with its motion for summary judgment, Conalco identifies each reference in the record by which Plaintiff contends the substances released at the Cariddi facility are "hazardous substances" and demonstrates that each such reference is either not a "hazardous substance," consistent with a "petroleum" release, or otherwise unsupported. (Report, p. 5, 7-9; Defendant's Statement of Material Facts of Record, dated January 20, 2006).

In so doing, Conalco demonstrates that Cariddi can not establish an essential element of his claim. In his opposition to summary judgment and supporting documents (submitted on May 1, 2006), Cariddi offered no evidence or testimony, expert or otherwise, disputing Conalco's submissions. (Report, p. 5, 8). Thus, the Chief Magistrate Judge properly recommends entry of summary judgment "[s]ince 'hazardous substances' under CERCLA are not in play." (Report, p. 9).

In his Objection, Cariddi now says "[t]he evidence of the record establishes that hazardous substances are present at the premises." (Objections of Plaintiff, James V. Cariddi, to Chief Magistrate Judge's Recommendations on Cross-Motion for Summary Judgment, dated November 30, 2006, p. 2 (hereinafter "Objection")). Cariddi, however, points to no such evidence. Instead, Cariddi weakly suggests that because the Chief Magistrate Judge chose to use the word "likely" in describing a portion of Conalco's expert testimony (Objection, p. 2; Report, p. 9), Conalco did not eliminate all material issues of fact. That simply is not the case. Conalco's expert, Dr. Feldman, opines that "the material released at the [Cariddi] Property that Mr. Cariddi attributes to Conalco, and for which Mr. Cariddi seeks reimbursement of past response action costs and payment of future response action costs from Conalco, is oil or petroleum, as those terms are defined in CERCLA, and not a hazardous material or substance." (Dr. Feldman Affidavit, ¶ 3).[1] Cariddi did not counter this statement. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (adverse party may avoid summary judgment only by providing properly supported evidence of disputed material facts that would require trial). Cariddi has offered no reason in his Objection to reject the Chief Magistrate Judge's

---

[1] In his affidavit and accompanying report, Dr. Feldman details the information upon which he relied in support of his opinion, which includes his review of Plaintiff's response to Conalco's Interrogatories in which Plaintiff contends hazardous materials or substances were present in "oil and hazardous materials at the facility when Conalco owned and operated the facility" by specific chemical name. See e.g. Feldman Affidavit, ¶ 10.

{J:\CLIENTS\ENV\303730\0001\DOC\00818546.DOC;1}

- 3 -

determination "that there exists no triable issue as to the applicability of CERCLA's petroleum exclusion," (Report, p. 9) and this court should adopt his recommendation that Defendant's motion on Plaintiff's CERCLA claims be granted.

**2.   The Chief Magistrate Judge correctly recommends the denial of Cariddi's request for summary judgment on his claims under M.G.L. c. 21E, § 5(a)(2).**

As the Chief Magistrate Judge noted, "Plaintiff's argument with respect to section 5(a)(2) can be disposed of in fairly short order." (Report, p. 18). Despite Plaintiff's efforts to characterize the oil present at the Cariddi property during Conalco's operations as a "hazardous material" and the oil "used" by Conalco as "waste oil," the Chief Magistrate Judge correctly noted the distinction between "waste oil" and "used oil," and G.L. c. 21E's focus upon "waste oil," not "used oil," and ruled that it is premature to make a finding as a matter of law.

**3.   The Chief Magistrate Judge correctly recommends the denial of Cariddi's claim for summary judgment under M.G.L. c. 21E, § 5(a)(5).**

Cariddi's Objection misses the mark and would have this court ignore the law. As the Chief Magistrate Judge stated in the Report, "even under section 5(a)(5) there must be a "causal link" between the release and the contamination." (Report, p. 19, citing John Beaudette, Inc. v. J.P. Noonan Transportation, Inc., 644 N.E. 2d 218, 220 (Mass. 1995); Providence & Worcester R.R. v. Chevron U.S.A., Inc., 622 N.E. 2d 262, 264-65 (Mass. 1993)). Indeed, it is well-established that "to impose liability under § 5(a)(5), a plaintiff first must establish both that the defendant caused the release and that the release caused a contamination." Commonwealth v. Boston Edison Company, 444 Mass. 324, 334 (2005); Marenghi v. Mobil Oil Corp., 420 Mass. 371, 374 (1995); Griffith v. New England Telephone & Telegraph Company, 420 Mass. 365, 369, (1995). Thus, even assuming that Conalco "caused" the release, Cariddi still must demonstrate that the release caused the contamination for which Cariddi now claims he has incurred and will incur response action costs.

- 3 -

More than 25 years separate the events described by Mr. Lappies and Plaintiff's response actions. Plaintiff offers no explanation as to what transpired in the basement of his property during his 25 years of ownership or how the oil, according to Mr. Lappies, released by Conalco's operations, remained in place unaffected by the consequences of nature and remained undiscovered until an inspection by a local fire inspector in 2001. (Complaint ¶¶ 20-32). The only evidence Plaintiff offers supporting his assertion that his response actions concern the very same oil that Mr. Lappies described is laboratory testing data of samples of soils, solids and groundwater collected from the property between 2002 and 2005. (Plaintiff's Responses to Defendant, Consolidated Aluminum Corporation's First Set of Interrogatories to James V. Cariddi dated October 14, 2005 and appended as Exhibit "B" to Affidavit of Robert D. Cox, Jr., submitted with Conalco's Motion for Summary Judgment). Conalco's expert, Dr. Michael J. Wade, reviewed the chromatograms of these laboratory samples and opined that none of the four oils used by Conalco, as reported by Mr. Lappies, in Conalco's aluminum tubing operation were identified in the chromatographs. (Wade Affidavit, ¶ 2 and Exhibit 1, appended to Wade Affidavit, at p. 1, 5-8).[2]

Plaintiff's difficulty is identical to that suffered by the plaintiff in Providence & Worcester R.R. v. Chevron U.S.A., Inc., 416 Mass. 319 (1993). In Providence & Worcester, the plaintiff sought to recover the costs it incurred in responding to contamination found on its property. As in this matter, a significant period of time – 16 years – separated the defendant's

---

[2] In his Objection, Plaintiff is not incorrect to state that Dr. Wade opines, in effect, that he has "been given a bunch of lousy chromatograms . . . which, according to my exact scientific standards, do not . . . establish anything." (Objection, p. 9). Dr. Wade's opinion demonstrates that Plaintiff's proof is lacking: samples from the basement collected between 2002 and 2005 do not support a necessary element of Plaintiff's claim that the response actions are associated with any release "caused" by Conalco. Furthermore, Plaintiff incorrectly states in his Objection that Conalco has some obligation to explain how the releases which Mr. Lappies describes "could, consistent with the laws of nature somehow not be part of the site contamination." (Objection, p. 6). It is Plaintiff's burden to demonstrate a causal link between the contaminating events and the contamination for which response actions are incurred. Providence & Worcester R.R. v. Chevron U.S.A., Inc., 416 Mass. 319 (1993).

alleged release and the discovery of the contamination and subsequent response actions. Because plaintiff failed to provide sufficient evidence to support a finding of a causal link between the spill and the contamination, and in the absence of any expert testimony establishing that causal link, directed verdict entered for the defendant which the SJC upheld as proper. Id. at 322.

Here, Conalco has provided undisputed expert opinion testimony demonstrating that Plaintiff cannot establish an essential element of his case; namely, that the oil Plaintiff contends Conalco "caused" to be released to the basement is the same oil for which Plaintiff now claims response action costs. Consequently, the Chief Magistrate Judge's recommendation was proper and this Court should deny Plaintiff's cross-motion for summary judgment.

CONSOLIDATED ALUMINUM CORPORATION
By its attorneys,


**/s/ Robert D. Cox, Jr**
Robert D. Cox, Jr., BBO#546486
Ryan T. Killman, BBO# 654562
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, Massachusetts  01615-0156
Telephone: (508) 926-3409
Facsimile:  (508) 929-3012
rcox@bowditch.com

Dated:  December 14, 2006

- 6 -

**CERTIFICATE OF SERVICE**

      I, Robert D. Cox, Jr., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on December 14, 2006.

                                                                */s/ Robert D. Cox, Jr.*

{J:\CLIENTS\ENV\303730\0001\DOC\00818546.DOC;1}