UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30111-MAP

_____
)
)
JAMES V. CARIDDI,                          )
          Plaintiff                 )
)
     v.                                    )
)
CONSOLIDATED ALUMINUM CORPORATION,          )
          Defendant                 )
_____)

**MOTION OF DEFENDANT CONSOLIDATED ALUMINUM CORPORATION FOR
LEAVE TO AMEND AND SUPPLEMENT ANSWER TO INCLUDE COUNTERCLAIM**

      Defendant, Consolidated Aluminum Corporation, ("Conalco") moves for leave pursuant

to Rules 13(e) and 15(a) of the Federal Rules of Civil Procedure, and in accordance with the

scheduling order dated December 4, 2007, to amend and supplement its Answer to include the

attached Counterclaim.  In support of this motion, Conalco states the following:

      1.     Pursuant to Federal Rule of Civil Procedure Rule 13(e), a claim which either

matured or was acquired after serving a pleading may, with permission of the court, be presented

as a counterclaim by supplemental pleading.  Rule 15(a) provides that leave to amend a pleading

"shall be freely given when justice so requires."  Such as the case here.

      2.     Conalco's counterclaim seeks the award of its litigation costs and reasonable

attorneys' fees pursuant to Massachusetts General Laws Chapter 21E, §4A(f) based on certain

events that came to light and/or occurred subsequent to the filing of Conalco's responsive

pleadings to Plaintiff's original Complaint and thereby reflect a claim which matured or was

acquired after service of such pleadings.

3.    Conalco's counterclaim arises out of the same case or controversy as the plaintiff's main claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

## **<u>CONCLUSION</u>**

For the reasons set forth above, Conalco respectfully requests that the Court grant leave for it to amend and supplement its answer to file the attached Counterclaim.

CONSOLIDATED ALUMINUM
CORPORATION
By its Attorneys


*/s/ Robert D. Cox, Jr.*
Robert D. Cox, Jr. BBO#546486
Ryan T. Killman BBO# 654562
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, Massachusetts  01601-0156
Telephone: (508) 926-3409
Facsimile:  (508) 929-3012
rcox@bowditch.com

Dated:  December 31, 2007

- 2 -

## CERTIFICATE OF CONSULTATION AND SERVICE

I, Robert D. Cox, Jr., hereby certify pursuant to Local Rule 7.1 that counsel for the parties conferred in good faith to resolve or narrow issues with respect to the filing of amended pleadings in connection with their consultation in preparing a joint submission to the court regarding scheduling activities in this matter (which joint submission was incorporated by the Court in the December 4, 2007 Scheduling Order) and that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Robert D. Cox, Jr.*
Robert D. Cox, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30111-MAP

_____
                                              )
                                              )
JAMES V. CARIDDI,                             )
              Plaintiff                       )
                                              )          **COUNTERCLAIM**
       v.                                     )
                                              )
CONSOLIDATED ALUMINUM CORPORATION,            )
              Defendant                       )
_____)

Defendant, Consolidated Aluminum Corporation, amends and supplements its answer

with the following counterclaim:

1.     Plaintiff-in-Counterclaim, Consolidated Aluminum Corporation ("Conalco") is a

New York corporation with an address at 90 Boroline Road, Allendale, New Jersey.

2.     Defendant-in-Counterclaim, James V. Cariddi ("Mr. Cariddi") is the owner of real

property located at 506-508 State Road, North Adams, Massachusetts (the "Property").

3.     This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §1367(a).

4.     Mr. Cariddi commenced this action on May 10, 2005 seeking recovery of

environmental response action costs under the Comprehensive Environmental Response,

Compensation, and Liability Act, 42 U.S.C. §9601 et seq. ("CERCLA"), Massachusetts General

Laws, Chapter 21E ("G.L. c. 21E"), and a judgment declaring Conalco's liability and ordering

Conalco to reimburse Mr. Cariddi future response costs.

- 1 -

5.      Prior to the commencement of this action, Mr. Cariddi notified Conalco of his intent to seek damages and reimbursement by letter dated May 13, 2002, a copy of which is appended to Mr. Cariddi's original Complaint as Exhibit B.

6.      Prior to the commencement of this action, Conalco responded to Mr. Cariddi's May 13, 2002 letter by letter dated June 10, 2002, a copy of which is appended to Mr. Cariddi's original Complaint as Exhibit C.

7.      Prior to the commencement of this action, Mr. Cariddi notified Conalco again of his intent to seek damages and reimbursement by letter dated February 5, 2004, a copy of which appended to Mr. Cariddi's original Complaint as Exhibit D.

8.      Prior to the commencement of this action, Conalco responded to Mr. Cariddi's February 5, 2004 letter by letter dated October 29, 2004, a copy of which is appended to Mr. Cariddi's original Complaint as Exhibit E.

9.      Prior to the commencement of this action, the parties, through counsel, exchanged information and engaged in discussions, and agreed that the parties disputed the legal standard under G.L. c. 21E, §5(a)(5) applicable to a prior owner as a person who "otherwise caused" a release of "oil" based upon the alleged facts known to the parties, and agreed that that dispute represented a threshold issue for resolution.  The parties entered into an agreement dated April 28, 2005 memorializing their agreement (hereinafter, the "Agreement").  A true and accurate copy of the Agreement is attached as Exhibit A.

10.     In the Agreement, the Parties agreed to "expeditiously resolve through motion practice in any court in which Cariddi's action is pending the disputed issue between them with

- 2 -

respect to the legal standard for establishing liability of a prior owner as a person who 'otherwise caused' a release of oil under G.L. c. 21E, §5(a)(5) as applied to the facts in this matter," and agreed "to reserve unresolved issues, including, among others, the allocation, contribution or equitable shares of response action costs to be borne by the parties or others not a party to [the Agreement] and the divisibility of response actions for discussion pursuant to G.L. c. 21E, §4A(b)."

11.     Eleven days after entering into the Agreement, Mr. Cariddi commenced this action.

12.     In the action, Mr. Cariddi alleges facts and legal theories not previously presented or raised in the letters referenced in and appended to Mr. Cariddi's original Complaint (Exhibits B-E) or otherwise required by the mandatory, prelitigation dispute resolution requirements of G.L. c. 21E, §4A which Conalco was required to defend.

13.     Both prior to and after the commencement of this action, Mr. Cariddi failed to identify and describe with particularity the legal and factual basis for Mr. Cariddi's claim that Conalco is liable pursuant to Section 5 or other liability; failed to confer in good faith in an effort to resolve all disputes; and failed to provide all additional information or documentation reasonably requested by Conalco concerning the basis of Conalco's alleged liability and the response actions.

14.     Both prior to and after the commencement of this action, Mr. Cariddi did not participate in the negotiations or dispute resolution in good faith; had no reasonable basis for asserting Conalco's liability for certain response actions; and took positions with respect to the amount of Conalco's liability pursuant to G.L. c. 21E that were unreasonable.

- 3 -

# COUNT I

## (Litigation Costs and Reasonable Attorneys' Fees Pursuant to G.L. c. 21E, §4A(f))

15.     Conalco repeats and realleges paragraphs 1-14 as stated above.

16.     Pursuant to G.L. c. 21E, §4A(f) Conalco is entitled to an award of its litigation costs and reasonable attorneys fees.

**WHEREFORE** Plaintiff-in-Counterclaim, Conalco, requests this Court:

1.     Award Conalco its litigation costs and reasonable attorneys' fees pursuant to G.L. c. 21E, §4A(f) or otherwise award Conalco its costs, including reasonable attorneys' fees, expert witnesses' fees and expenses, plus interest;

2.     Award such other relief as this court deems just and proper under the circumstances.

## JURY DEMAND

CONALCO DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

- 4 -

Respectfully submitted.

CONSOLIDATED ALUMINUM
CORPORATION
Attorneys for Defendant


*/s/ Robert D. Cox, Jr.*
Robert D. Cox, Jr. BBO#546486
Ryan T. Killman BBO# 654562
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, Massachusetts  01601-0156
Telephone: (508) 926-3409
Facsimile: (508) 929-3012
rcox@bowditch.com

Dated:  December 31, 2007


## CERTIFICATE OF SERVICE

I, Robert D. Cox, Jr., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on December 31, 2007.


*/s/ Robert D. Cox, Jr.*

**EXHIBIT A**

## AGREEMENT

This Agreement is entered on this 28th day of April, 2005 between James V. Cariddi and Consolidated Aluminum Corporation.

WHEREAS, James V. Cariddi ("Cariddi") owns property located at 506 State Road, North Adams, Massachusetts (the "Property");

WHEREAS, the Property is a location of a release of oil and/or hazardous materials requiring response actions, as those terms are defined by G.L. c. 21E;

WHEREAS, pursuant to G.L. c. 21E, § 4A Cariddi issued notice letters dated May 13, 2002 and February 5, 2004 to Consolidated Aluminum Corporation ("Conalco") alleging that Conalco is liable as a person who "otherwise caused" a release of oil at the Property pursuant to G.L. c. 21E, § 5(a)(5) and demanding reimbursement of past and payment of future response action costs;

WHEREAS, following Conalco's receipt of the February 5, 2004 notice, Cariddi provided Conalco with various documents and information regarding the response actions and Conalco gathered information regarding Cariddi's claims, including the deposition testimony of Norman R. Lappies, a former employee of Conalco, concerning the presence of oil in the basement of the Property;

WHEREAS, by letter dated October 29, 2004 Conalco responded to Cariddi's notice and, among other things, set forth its position that the legal standard for establishing liability of a prior owner, such as Conalco, as a person who "otherwise caused" a release of oil under G.L. c. 21E, §5(a)(5) requires the demonstration of a duty and breach or unreasonable conduct in order to give rise to liability;

WHEREAS, Cariddi disputes Conalco's position with respect to the legal standard for imposing liability under G.L. c. 21E, § 5(a)(5);

WHEREAS, Conalco and Cariddi agree that their dispute as to the legal standard under Section 5(a)(5) can be resolved by judicial decision;

WHEREAS, G.L. c. 21E, § 4A(b) directs that Cariddi and Conalco "shall confer in good faith and in an effort to resolve all disputes that may exist between them" with respect to performance of or paying for response actions and liability;

WHEREAS, Conalco and Cariddi agree that their dispute as to the legal standard under G.L. c. 21E, § 5(a)(5) presents a threshold issue for resolution and therefore have not sought to resolve other disputes that exist between them, such as, for example, allocation, contribution or equitable shares of response action costs to be borne by the parties or others or the divisibility of response actions;

WHEREAS, Cariddi and Conalco, through their attorneys, enter into this Agreement to memorialize their positions and their agreement to seek resolution of the legal standard under G.L. c. 21E, § 5(a)(5) in a cost efficient and expeditious manner;

NOW, THEREFORE, Cariddi and Conalco agree as follows:

1.    Conalco agrees that its undersigned attorney is authorized to accept service of process.

2.    Conalco and Cariddi agree to expeditiously resolve through motion practice in any court in which Cariddi's action is pending the disputed issue between them with respect to the legal standard for establishing liability of a prior owner as a person who "otherwise caused" a release of oil under G.L. c. 21E, § 5(a)(5) as applied to the facts in this matter.

3.    Except as to the issue identified in paragraph 2 above, Cariddi and Conalco agree to reserve unresolved issues, including, among others, the allocation, contribution or equitable shares of response action costs to be borne by the parties or others not a party to this Agreement and the divisibility of response actions for discussion pursuant to G.L. c. 21E, § 4A(b).

4.    Conalco and Cariddi agree to bring this Agreement to the attention of the court for the purpose of scheduling or issuing appropriate orders, and to otherwise take steps to assure that the disputed issue between the parties is expeditiously resolved.

The undersigned are duly authorized by Cariddi and Conalco, respectively, to execute this document.

CONSOLIDATED ALUMINUM
CORPORATION
By its attorneys,

_____
Robert D. Cox, Jr., BBO#546486
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA  01615-0156
Telephone:  (508) 926-3409
Facsimile (508) 929-3012

JAMES V. CARIDDI
By his attorneys,

_____
Christopher B. Myhrum, BBO#
Buckley, Richardson & Gelinas
1500 Main Street
P.O. Box 15507
Springfield, MA  01115
Telephone:  (413) 781-2820
Facsimile (413) 785-5060