UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30111-MAP

| | |
|---|---|
| James V. Cariddi,<br>  Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| Consolidated Aluminum Corporation,<br>  Defendant | )<br>) |

**REPLY OF PLAINTIFF, JAMES V. CARIDDI,
TO COUNTERCLAIM OF
DEFENDANT, CONSOLIDATED ALUMINUM CORPORATION**

Plaintiff, James V. Cariddi ("Mr. Cariddi"), replies to the Counterclaim of Defendant, Consolidated Aluminum Corporation ("Conalco"), as follows:

**FIRST DEFENSE**

1. Mr. Cariddi admits the allegations set forth in paragraph 1 of Conalco's Counterclaim.

2. Mr. Cariddi admits the allegations set forth in paragraph 2 of Conalco's Counterclaim.

3. Paragraph 3 of Conalco's Counterclaim sets forth a conclusion of law as to which no response is required. To the extent any response is required, Mr. Cariddi denies the allegations set forth in paragraph 3.

4. Mr. Cariddi admits the allegations set forth in paragraph 4 of Conalco's Counterclaim.

1

5. Mr. Cariddi admits the allegations set forth in paragraph 5 of Conalco's Counterclaim.

6. Mr. Cariddi admits the allegations set forth in paragraph 6 of Conalco's Counterclaim.

7. Mr. Cariddi admits the allegations set forth in paragraph 7 of Conalco's Counterclaim.

8. Mr. Cariddi admits the allegations set forth in paragraph 8 of Conalco's Counterclaim.

9. Mr. Cariddi admits that the parties exchanged information and engaged in discussions, that the parties disagreed as to Conalco's purported defense (that was and remains unsupported by law or fact), and that Mr. Cariddi recognized and through counsel advised Conalco that Conalco's failure to acknowledge liability (which liability was subsequently determined by the Court, in ruling on the parties' cross-motions for summary judgment, and by the Massachusetts Department of Environmental Protection) and Conalco's failure to make a good faith response to Mr. Cariddi's demand letters compelled Mr. Cariddi to initiate a civil action against Conalco; Mr. Cariddi denies that Conalco's "legal standard" defense has at any time presented a genuine issue for judicial determination; and, further answering, Mr. Cariddi states that Exhibit E to the original Complaint speaks for itself.

10. Mr. Cariddi admits that the language set forth in quotation marks in paragraph 10 of Conalco's Counterclaim appears in the document attached to

Conalco's Counterclaim as Exhibit A, and, further answering, Mr. Cariddi states that Exhibit A to Conalco's Counterclaim speaks for itself.

11. Mr. Cariddi admits the allegations set forth in paragraph 11 of Conalco's Counterclaim.

12. Paragraph 12 of Conalco's Counterclaim sets forth a conclusion of law as to which no answer is required. To the extent any answer is required, Mr. Cariddi denies that the Original Complaint alleges facts and legal theories not previously raised in communications between the parties and that Conalco was required to defend claims for any reasons other than Conalco's own failure to acknowledge liability and refusal to make a good faith offer of settlement pursuant to M.G.L. c. 21E, §4A; and, further answering, Mr. Cariddi states that Exhibits B-E to the Original Complaint speak for themselves.

13. Mr. Cariddi denies the allegations set forth in paragraph 13 of Conalco's Counterclaim.

14. Mr. Cariddi denies the allegations set forth in paragraph 14 of Conalco's Counterclaim.

### COUNT I

15. Mr. Cariddi incorporates and repeats the above responses to the allegations set forth in paragraphs 1-14 of Conalco's Counterclaim.

16. Mr. Cariddi denies the allegations set forth in paragraph 16 of Conalco's Counterclaim.

## SECOND DEFENSE

Conalco's Counterclaim fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Conalco's actions and failures to act were the sole and exclusive cause of any loss Conalco purports to have incurred.

## FOURTH DEFENSE

Conalco was obligated by law to mitigate any loss, harm or damage it might have suffered or incurred and failed to do so, such that Conalco may not recover against Mr. Cariddi.

## FIFTH DEFENSE

Conalco's failure to acknowledge its liability precludes any recovery by Conalco on its Counterclaim.

## SIXTH DEFENSE

The Court having previously entered summary judgment in Mr. Cariddi's favor and against Conalco establishing Conalco's liability, Conalco's counterclaim is barred by law of the case, res judicata and issue preclusion.

## SEVENTH DEFENSE

Conalco, having induced the actions and inactions of Mr. Cariddi about which Conalco complains, is estopped from asserting its Counterclaim and from recovering for any loss, harm or damage resulting from the conduct Conalco induced.

## EIGHTH DEFENSE

Conalco of its own accord and without inducement from Mr. Cariddi determined to defend claims as to which it had and has no good faith defense, and therefore may not recover from Mr. Cariddi for defense costs Conalco voluntarily assumed.

## NINTH DEFENSE

Conalco's failure to make a good faith offer of settlement pursuant to MG.L. c.21E, §4A, in response to Mr. Cariddi's claims when liability was clear and Conalco's persistent bad faith in defending this action preclude its Counterclaim and any recovery thereunder.

## TENTH DEFENSE

The Massachusetts Department of Environmental Protection has determined administratively that Conalco is liable for conditions at the site and ordered Conalco to perform response actions at the site, which Conalco has failed to do, such that Conalco is barred from recovery by its unclean hands and administrative collateral estoppel, res judicata and issue preclusion.

**WHEREFORE** Plaintiff, Mr. Cariddi, requests this honorable Court to:

1. Enter judgment in his favor and against Conalco dismissing Conalco's Counterclaim with prejudice;

2. Award him litigation costs, including reasonable attorneys' and expert fees, with interest thereon from the dates such costs were incurred; and

3. Award him such other relief as this Court deems just and proper.

## JURY DEMAND

MR. CARIDDI DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

                                                            The Plaintiff,
James V. Cariddi
By his attorneys:

Dated: February 5, 2008                  /s/ Christopher B. Myhrum

                                                         Christopher B. Myhrum
BBO No. 365980
Bulkley, Richardson and Gelinas, LLP
1500 Main Street - Suite 2700
Springfield, MA 01115-5507
Tel: (413) 781-2820
Fax: (413) 272-6806

## CERTIFICATE OF SERVICE

I, Christopher B. Myhrum, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                           /s/ Christopher B. Myhrum
Christopher B. Myhrum