UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30111-MAP

|  |  |
|---|---|
| JAMES V. CARIDDI,<br>       Plaintiff<br><br>v.<br><br>CONSOLIDATED ALUMINUM CORPORATION,<br>       Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF DEFENDANT CONSOLIDATED ALUMINUM
CORPORATION TO PLAINTIFF'S AMENDED AND SUPPLEMENTAL COMPLAINT**

Defendant, Consolidated Aluminum Corporation ("Conalco") answers the allegations contained in Plaintiff's Amended and Supplemental Complaint ("Complaint") as follows:

The first paragraph to the Complaint, entitled "Nature of the Action," is an introductory paragraph to which no response is required. To the extent a response is required Conalco denies the averments of this paragraph.

1. Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

2. Conalco admits that it is a New York corporation and that it is the successor by merger to Phelps Dodge Aluminum Products Corporation and denies the remaining allegations of paragraph 2.

3. This paragraph asserts a conclusion of law to which no response is required.

4. This paragraph asserts a conclusion of law to which no response is required.

5. Admitted.

6. Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7. Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8. Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Conalco admits that Phelps Dodge and Conalco occupies and used a portion of the facility.

9. Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. Admitted.

11. Admitted.

12. Admitted.

13. Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Conalco admits that a copy of the statement by Mr. Lappies dated September 10, 2003 is attached as an exhibit to Exhibit D to the Complaint and further states that that statement speaks for itself.

15. Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16. Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

24.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

25.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

26.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

27.     Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

{Client Files\env\303730\0001\federal\00545608.DOC;2}

28. Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

29. Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

30. Denied.

31. Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

32. Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

33. Conalco admits that by letter dated May 13, 2002, Mr. Carridi, through legal counsel, notified Conalco of his intent to seek damages and reimbursement and that a copy of that letter is attached as Exhibit B to the Complaint and further states that that letter speaks for itself and denies the remaining allegations of this paragraph.

34. Conalco admits that by letter dated June 10, 2002, Conalco denied responsibility and that a copy of that letter is attached as Exhibit C to the Complaint and further states that that letter speaks for itself and denies the remaining allegations of this paragraph.

35. Conalco admits that by letter dated February 5, 2004, Mr. Carridi notified Conalco of his intent to seek damages or reimbursement and that a copy of that letter is attached to Exhibit D to the Complaint and further states that that letter speaks for itself and denies the remaining allegations of this paragraph.

36. Conalco admits that by letter dated October 29, 2004, Conalco, through legal counsel responded to Mr. Carridi's February 5, 2004 letter and that a copy of that letter is

attached as Exhibit E to the Complaint and further states that that letter speaks for itself and denies the remaining allegations of this paragraph.

37. Conalco admits that MA DEP issued correspondence dated July 19, 2007 and that a copy of that letter is attached as Exhibit F to the Complaint and further states that that letter speaks for itself and denies the remaining allegations of this paragraph.

38. Conalco admits that MA DEP issued correspondence dated December 11, 2007 and that a copy of that letter is attached as Exhibit G to the Complaint and further states that that letter speaks for itself and denies the remaining allegations of this paragraph.

39. Conalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT I
(M.G.L. c. 21E)

40. Conalco incorporates by reference its responses to Paragraphs 1-39 above.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT II
(Declaratory Judgment and Injunctive Relief)

47. Conalco incorporates by reference its answers to Paragraphs 1-46 above.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## COUNT III
(Cost "including Attorney and Expert Witness Fees" under M.G.L. c. 21E, §15)

53. Conalco incorporates by reference its responses to paragraphs 1-52 above.

54. Denied.

55. Denied.

56. Denied.

## COUNT IV
(Litigation Costs and Reasonable Attorney's Fees Under M.G.L. c. 21E, §4A)

57. Conalco incorporates by reference its responses to paragraphs 1-56 above.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of latches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole and in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Defendant, at all times, acted with due care.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily assumed the risk of injury and damages because Plaintiff knew, should have known, of the condition of the Property at the time Plaintiff acquired it and, therefore, Defendant is not liable.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any damages to which he may be entitled.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, as a responsible party under M.G.L. c. 21E, §5(a), is liable in contribution for his equitable share of response costs.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff, as a responsible party under M.G.L. c. 21E, §5(a), is not entitled to reimbursement of all response costs; instead, Plaintiff's claim is for contribution only under M.G.L. c. 21E, §4.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole and in part, by his comparative negligence.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for future response costs are not authorized by M.G.L. c. 21E, §4.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the provisions of M.G.L. c. 21E, §4A; therefore, his claims are barred, in whole or in part.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join parties under Rule 19 needed for just adjudication.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for fees under M.G.L. c. 21E, §15 is barred because Plaintiff is a party responsible for the release of oil or hazardous materials at the property.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for fees under M.G.L. c. 21E, §15 is barred because Plaintiff's commencement and prosecution of this action were not designed to advance the purposes of G.L. c. 21E.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for fees under M.G.L. c. 21E, §4A is barred on account of Plaintiff's failure to identify and describe with particularity the legal and factual basis for his claim as to Defendant's potential liability; Plaintiff's failure to confer in good faith in an effort to resolve all disputes; and Plaintiff's failure to provide all information with documentation reasonably requested by Defendant concerning the basis of Defendant's alleged liability and response actions.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for fees under G.L. c. 21E, §4A is barred because Defendant with reasonable basis made a timely response to Plaintiff's notification; participated in negotiations or dispute resolution in good faith; and with reasonable basis was unable to enter into or carry out an agreement to perform or participate in the performance of response actions on an equitable basis or pay its equitable share of cost.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for fees under G.L. c. 21E, §4A is barred because Defendant's liability was not reasonably clear.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's failure to comply with the agreement entered into between the parties dated April 28, 2005 precludes Plaintiff from recovery of fees under G.L. c. 21E, §4A.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's assertion of claims based on alleged facts and legal theories not previously presented or raised in the mandatory pre-litigation dispute resolution process set forth at M.G.L. c. 21E, §4A, which claims Conalco was required to and did successfully defend, precludes Plaintiff from recovery of fees under G.L. c. 21E, §4A.

Defendant reserves the right to supplement these affirmative defenses.

WHEREFORE, Defendant respectfully requests that this court:

1.      Enter Judgment for Defendant against Plaintiff on all counts.

2.      Award Defendant its costs, including reasonable attorney's fees, expert witness fees and expenses; and

3.      Award such other relief as this Court deems just, equitable and proper.

## JURY DEMAND

CONALCO DEMANDS A TRIAL BY JURY AND ALL ISSUES SO TRIABLE.

{Client Files\env\303730\0001\federal\00545608.DOC;2}

## COUNTERCLAIM
### (Leave to File Granted on January 16, 2008)

Defendant, Consolidated Aluminum Corporation, asserts the following Counterclaim, for which leave to file was granted by the Court on January 16, 2008:

1.Plaintiff-in-Counterclaim, Consolidated Aluminum Corporation ("Conalco") is a New York corporation with an address at 90 Boroline Road, Allendale, New Jersey.

2.Defendant-in-Counterclaim, James V. Cariddi ("Mr. Cariddi") is the owner of real property located at 506-508 State Road, North Adams, Massachusetts (the "Property").

3.This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §1367(a).

4.Mr. Cariddi commenced this action on May 10, 2005 seeking recovery of environmental response action costs under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §9601 et seq. ("CERCLA"), Massachusetts General Laws, Chapter 21E ("G.L. c. 21E"), and a judgment declaring Conalco's liability and ordering Conalco to reimburse Mr. Cariddi future response costs.

5.Prior to the commencement of this action, Mr. Cariddi notified Conalco of his intent to seek damages and reimbursement by letter dated May 13, 2002, a copy of which is appended to Mr. Cariddi's original Complaint as Exhibit B.

6.Prior to the commencement of this action, Conalco responded to Mr. Cariddi's May 13, 2002 letter by letter dated June 10, 2002, a copy of which is appended to Mr. Cariddi's original Complaint as Exhibit C.

7.      Prior to the commencement of this action, Mr. Cariddi notified Conalco again of his intent to seek damages and reimbursement by letter dated February 5, 2004, a copy of which appended to Mr. Cariddi's original Complaint as Exhibit D.

8.      Prior to the commencement of this action, Conalco responded to Mr. Cariddi's February 5, 2004 letter by letter dated October 29, 2004, a copy of which is appended to Mr. Cariddi's original Complaint as Exhibit E.

9.      Prior to the commencement of this action, the parties, through counsel, exchanged information and engaged in discussions, and agreed that the parties disputed the legal standard under G.L. c. 21E, §5(a)(5) applicable to a prior owner as a person who "otherwise caused" a release of "oil" based upon the alleged facts known to the parties, and agreed that that dispute represented a threshold issue for resolution. The parties entered into an agreement dated April 28, 2005 memorializing their agreement (hereinafter, the "Agreement"). A true and accurate copy of the Agreement is attached as Exhibit A.

10.     In the Agreement, the Parties agreed to "expeditiously resolve through motion practice in any court in which Cariddi's action is pending the disputed issue between them with respect to the legal standard for establishing liability of a prior owner as a person who 'otherwise caused' a release of oil under G.L. c. 21E, §5(a)(5) as applied to the facts in this matter," and agreed "to reserve unresolved issues, including, among others, the allocation, contribution or equitable shares of response action costs to be borne by the parties or others not a party to [the Agreement] and the divisibility of response actions for discussion pursuant to G.L. c. 21E, §4A(b)."

11. Eleven days after entering into the Agreement, Mr. Cariddi commenced this action.

12. In the action, Mr. Cariddi alleges facts and legal theories not previously presented or raised in the letters referenced in and appended to Mr. Cariddi's original Complaint (Exhibits B-E) or otherwise required by the mandatory, prelitigation dispute resolution requirements of G.L. c. 21E, §4A which Conalco was required to defend.

13. Both prior to and after the commencement of this action, Mr. Cariddi failed to identify and describe with particularity the legal and factual basis for Mr. Cariddi's claim that Conalco is liable pursuant to Section 5 or other liability; failed to confer in good faith in an effort to resolve all disputes; and failed to provide all additional information or documentation reasonably requested by Conalco concerning the basis of Conalco's alleged liability and the response actions.

14. Both prior to and after the commencement of this action, Mr. Cariddi did not participate in the negotiations or dispute resolution in good faith; had no reasonable basis for asserting Conalco's liability for certain response actions; and took positions with respect to the amount of Conalco's liability pursuant to G.L. c. 21E that were unreasonable.

**COUNT I**
(Litigation Costs and Reasonable Attorneys' Fees Pursuant to G.L. c. 21E, §4A(f))

15. Conalco repeats and realleges paragraphs 1-14 as stated above.

16. Pursuant to G.L. c. 21E, §4A(f) Conalco is entitled to an award of its litigation costs and reasonable attorneys fees.

**WHEREFORE** Plaintiff-in-Counterclaim, Conalco, requests this Court:

1. Award Conalco its litigation costs and reasonable attorneys' fees pursuant to G.L. c. 21E, §4A(f) or otherwise award Conalco its costs, including reasonable attorneys' fees, expert witnesses' fees and expenses, plus interest;

2. Award such other relief as this court deems just and proper under the circumstances.

### JURY DEMAND

CONALCO DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted.

CONSOLIDATED ALUMINUM
CORPORATION
Attorneys for Defendant


*/s/ Robert D. Cox, Jr.*
Robert D. Cox, Jr. BBO#546486
Ryan T. Killman BBO# 654562
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, Massachusetts  01615-0156
Telephone: (508) 926-3409
Facsimile: (508) 929-3012
rcox@bowditch.com

Dated:  February 8, 2008

### CERTIFICATE OF SERVICE

I, Robert D. Cox, Jr., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on February 8, 2008.

*/s/ Robert D. Cox, Jr.*