UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30111-MAP

JAMES V. CARIDDI,                )
                                 )
        Plaintiff,               )
                                 )
v.                               )
                                 )
CONSOLIDATED ALUMINUM CORPORATION, )
                                 )
        Defendant.               )

PRETRIAL MEMORANDUM OF PLAINTIFF, JAMES V. CARIDDI

Plaintiff, James V. Cariddi, in accordance with the Court's December 4, 2007 Procedural Order Re: Final Pretrial Conference, submits this pretrial memorandum.

Counsel for the parties conferred by telephone on Friday, May 23, 2008 to review the matters listed in the Court's December 4, 2007 Procedural Order and Local Rule 16.5. The numbered items below follow the numbering sequence set forth in the Court's Order with respect to the contents of the pretrial memorandum.

1.      Concise Statement of the Evidence on Liability and Damages: The Court, in its March 20, 2007 Memorandum and Order Regarding Report and Recommendation Re Cross Motions for Summary Judgment, on the basis of undisputed facts determined by the Court, held:

> "In sum, given the undisputed evidence that Defendant's employees directed used petroleum products to the earthen basement at 106-108 State Road, the court must conclude that Plaintiff is entitled to judgment as a matter of law on Count Two, as well as the portion of Count Three that alleges a violation of [Massachusetts General Laws] Chapter 21E."

1

March 20, 2007 Order at 18 – 19. Counts Two and Three were re-numbered as Counts One and Two in Plaintiff's Amended and Supplemented Complaint. (Count Two incorporated a specific request for injunctive relief in addition to the request for declaratory judgment.) In addition, two new counts, Counts Three and Four, set forth separately Plaintiff's claims for costs, including attorneys' and experts' fees under M.G.L. c. 21E, §15 (Count Three) and for litigation costs and reasonable attorneys' fees under Chapter 21E, §4A (Count Four).

Plaintiff will offer evidence that:

--He has incurred response costs to assess and respond to oil and hazardous materials releases Defendant caused and to which Defendant contributed (including costs to identify persons liable under Chapter 21E, §5, and services to determine and recover the costs of planning, managing and directing assessment, containment and removal actions).

--He made timely and repeated demand upon Defendant to reimburse his response costs and assume responsibility to perform response actions to address the oil and hazardous materials releases Defendant caused and to which Defendant contributed.

--Defendant unreasonably failed and refused to reimburse his response costs.

--Defendant unreasonably refused to assume responsibility to address the oil and hazardous materials releases Defendant caused and to which Defendant contributed, as a result of which, he incurred additional response costs.

--The assessment, containment and removal actions for which he has incurred response costs and has sought to recover from Defendant were performed in a manner consistent with the Massachusetts Contingency Plan.

--The response actions performed were necessary and appropriate.

--The costs of response actions were reasonable.

--The oil and hazardous materials releases for which Defendant is responsible caused him to incur response costs.

--Defendant failed to respond to and negotiate in good faith regarding the oil and hazardous materials releases Defendant caused and to which Defendant contributed.

--As a direct and proximate result of Defendant's failure to respond and negotiate in good faith regarding the oil and hazardous materials releases Defendant caused and to which Defendant contributed, he was compelled to commence and prosecute this civil action against Defendant.

--As a direct and proximate result of this civil action and the Court's ruling on the parties' cross motions for summary judgment in its March 20, 2007 Order, the Massachusetts Department of Environmental Protection issued Defendant a Notice of Responsibility and established interim deadlines for Defendant to perform response actions to address the oil and hazardous materials releases Defendant caused and to which Defendant contributed.

--Plaintiff is an innocent party who neither caused nor contributed to the oil or hazardous materials releases at 106-108 State Road, North Adams, Massachusetts.

--Plaintiff's response costs, exclusive or attorneys' fees and fees for litigation support of environmental consultants, approximate $165,000.

--Plaintiff's attorneys' fees and litigation costs, including fees for litigation support of environmental consultants, approximate $235,000.

--105-108 State Road is within the designated Zone 2 of a public water supply well.

--Defendant, not Plaintiff, determined to prepare and file, and did prepare and file, a motion to dismiss counts of the complaint in this civil action.

--Defendant acted in bad faith in claiming that 1) the used oil from its operations that was intentionally squeegeed and dumped onto the earthen floor below the Defendant's work area at 105-108 State Road was not waste oil, and 2) that Defendant did not cause the release of oil and hazardous materials at 105-108 State Street.

--With respect to Defendant's counterclaim, Defendant failed to take reasonable measures to mitigate any damages it might claim due to the purported breach of contract Defendant alleges, as all damages Defendant claims to have incurred were the direct and proximate result of litigation decisions made by, and entirely within the control of, Defendant.

2)   Statement of Facts Established by the Pleadings, by Admissions or by Stipulation:  With respect to liability, the material facts determined to be uncontested in the Court's March 20, 2007 Order are established.  Even in the absence of formal stipulation, there appears to be no material dispute regarding:  The course, sequence and contents of communications between the parties and between or among the parties and MassDEP; the substance of the site investigation and the removal of oily wastes from the earthen basement, the removal of an underground storage tank and the excavation of contaminated soils; and the nature and amount of response costs incurred by Plaintiff (though whether or not the response costs incurred were necessary and appropriate and the costs of response actions performed were reasonable may be contested in part);

3)   Contested Issues of Fact:  The necessity and appropriateness of the response actions for which Plaintiff seeks reimbursement from Defendant and the reasonableness of the costs thereof; Defendant's causation of certain of the oil and

4

hazardous materials releases for which Plaintiff has incurred response costs; the allegations of Defendant's counterclaim, including the amount of damages incurred as a result of an averred breach of contract; the reasonableness and good faith or bad faith of Defendant's responses to Plaintiff's Section 4A demand letters; the extent to which other parties caused or contributed to the dumping and release of oil and hazardous materials; the cost and effectiveness of alternative remedial actions to address site conditions; and the risk to health, safety, public welfare and the environment associated with and/or likely to result from remedial action that fails to remove oil and hazardous materials on and within the soils and groundwater below the earthen floor at 106-108 State Road.

4) Jurisdictional Questions: There are no jurisdictional questions.

5) Any Question Raised by Pending Motions: There currently are no pending motions. Plaintiff requests leave to reserve the right to file dispositive motions with respect to Defendant's counterclaim.

6) Issues of Law, including Evidentiary Questions, and Supporting Authority: Plaintiff does not expect that there will be issues of law due to evidentiary questions. See paragraph 11, below. Plaintiff does anticipate that Defendant will seek to avoid reimbursing Plaintiff's response costs and assuming responsibility for response actions going forward by two separate means: First, Defendant will contest liability as a matter of fact—that is, by asserting that some portion of Plaintiff's response actions were unnecessary and inappropriate, the costs of some or all response actions were unreasonable, or Plaintiff's response costs were incurred to address releases of oil and hazardous materials Defendant did not cause and to which Defendant did not contribute. Second, Defendant will assert that Plaintiff, as the current owner and operator of 106-108 State Road, is responsible to perform response actions and pay for some portion of

5

response costs, because an entity unrelated to Defendant and for whose conduct Defendant is not responsible also dumped oil and hazardous materials on the earthen floor of the basement beneath the work area of the aluminum extruding operations, formerly located at 106-108 State Road.

Plaintiff did not cause or contribute to the releases of oil and hazardous materials at the site and, therefore, although a current owner and operator under M.G.L. c. 21E, §5(a)(1), is not liable as a matter of law under §5(c), since 'the release ... of oil and hazardous materials and the damages resulting therefrom were caused by …(3) an act or omission of a third party …," that is, parties other than Plaintiff.  Moreover, even if Plaintiff were considered to be a person "liable pursuant to c. 21E, §5," such that "each [of Plaintiff and Defendant] shall be liable to the other[…] for their equitable share of the costs of such response action[s]," Plaintiff's equitable share should be 0%, inasmuch as each party is responsible for paying cleanup costs in proportion to that party's relative degree of contribution to the contamination at the site, and Plaintiff contributed nothing to the contamination (while incurring all of the response costs).  The Court's application of the potentially applicable equitable factors listed in *Martignetti v. Haigh-Farr, Inc.*, 425 Mass. 294, 315, 680 N.E.2d 1131, 1144.  (1997) should address and resolve this issue.

7) Any Requested Amendments to the Pleadings:  There are currently no pending requests to amend the pleadings.  As a result of information Plaintiff only recently obtained, to the effect that MassDEP may accept a Defendant-proposed remedial alternative that will result in the continued contamination of the soils and groundwater, as well as the water within the flume area at 106-108 State Street, Plaintiff may seek leave to amend the pleadings to include a claim for damage to his property.

8) Any Additional Matters to Aid in the Disposition of the Case: As a result of information Plaintiff only recently obtained, to the effect that MassDEP may accept a Defendant-proposed remedial alternative that will result in the continued contamination of the soils and groundwater, as well as the water within the flume area at 106-108 State Street, Plaintiff may seek leave to depose responsible MassDEP decision-makers with knowledge of the representations made to MassDEP on behalf of Defendant and familiar with the decision-making of MassDEP regarding potentially acceptable remedial alternatives.

9) Probable Length of Trial—Jury or Non-Jury: Plaintiff anticipates two and one-half to three days should be sufficient to try the case to the Court. A jury trial will take longer. (The number of days will also depend upon the Court's schedule for conducting trials.) Each of the parties has demanded a jury trial, but counsel have conferred regarding the possibility of proceeding before the Court without a jury. This subject may be discussed in more detail at the Pretrial Conference scheduled for June 9, 2008 at 2:00 p.m.

10) List of Witnesses Testifying at Trial and Purpose of Testimony: James V. Cariddi and Gailanne M. Cariddi, 106-108 State Road, North Adams, Massachusetts: The purpose of the testimony of Plaintiff and his daughter Gailanne is to provide the background of his acquisition of 106-108 State Road and its subsequent use by Cariddi Sales; to authenticate documents as may be necessary; to describe discovery of the contamination and the investigation as to its cause; to relate communications with MassDEP and with Defendant; to describe work performed and identify invoices for the

7

work; to state that Cariddi Sales has not and does not generate and dispose of oil and hazardous materials at the location, has not and does not use lube oils or mineral spirits, has not and does not generate and dispose of oil or hazardous materials, and, more specifically, has not and does not generate or dispose of used viscous lubricating oils or used mineral spirits at the location.

Norman R. Lappies, 155 River Road, Clarksburg, MA: The purpose of Mr. Lappies' testimony is to describe the activities and operations at 106-108 State Road when it was aluminum extruding plant from in or around 1961 until in or about 1976.

Kevin J. O'Reilly and John Henry, O'Reilly, Talbot & Okun Associates, Inc. 293 Bridge Street, Springfield, MA. The purpose of the testimony of Messrs. O'Reilly and Henry is reflected in the Expert Witness Disclosures prepared and served under Fed. R. Civ. P. 26(a)(2). Their factual and expert testimony will present the nature of the response actions performed at 106-108 State Road, the reasons for and costs of performing response actions, the necessity and appropriateness of the response actions performed and the reasonableness of the charges for them, and the relationship of the response actions performed to the releases of oil and hazardous materials Defendant caused and contributed to in the course of its operations as described by Mr. Lappies. They will opine as to Massachusetts Contingency Plan requirements and describe appropriate methods for researching, evaluating and presenting in a Phase III Remedial Action Alternatives Report the relative merits of remedial alternatives and the selection of a preferred alternative. Mr. Henry will describe site survey work determining elevations in the area of the oily contamination on and below the earthen basement at and in the vicinity of the area where Defendant disposed of oil and hazardous materials. They will describe current site conditions and the implications of attempting to prepare and

record a Notice of Activity and Use Limitation on contaminated property.

   11. List of Proposed Exhibits Distinguishing Those to be Introduced without Objection and Those to be Introduced with Objection: Because the recent activities of Defendant and MassDEP have affected the scope and nature of what current and future response actions and the costs thereof may be, the parties have not finalized a list of exhibits to be offered at trial. However, Plaintiff anticipates that, because the experts for both parties have relied upon the information set forth in the deposition of Norman Lappies, reports prepared and submitted on behalf of Plaintiff to MassDEP and the Massachusetts Contingency Plan in forming and expressing their opinions, there should be no objection to introduction of these items and documents related thereto. Communications between the parties most likely will be admissible as business records or admissions, albeit some may be introduced for limited purposes and not solely for the truth of their contents. Similarly, records of communications between either of the parties and MassDEP most likely will be admissible as records maintained in the ordinary course of the business of a government agency or business records. Invoices relating to response costs incurred by Plaintiff—which will most likely be presented in the form of a summary with copies of invoices attached—should be unobjectionable, except to the extent defendant may maintain that some portion of the response actions to which the invoices relate were not incurred to address a release for which Defendant is responsible. With respect to photographs and videotapes of the locus generally and of the contaminated areas specifically, Plaintiff does not anticipate any dispute between the parties as to whether such items fairly and accurately represent the conditions depicted.

While Plaintiff and Defendant have not at this juncture made final selection of trial exhibits, Plaintiff currently does not anticipate either party raising objections to specific exhibits Plaintiff expects the parties will be introducing at trial.

The Plaintiff,

JAMES V. CARIDDI
By His Attorneys:

Dated:  June 2, 2008

/s/ Christopher B. Myhrum
Christopher B. Myhrum, Esq.
 BBO No. 365980
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA  01115-5507
Tel:  (413) 781-2820
Fax:  (413) 747-0770
cmyhrum@bulkley.com

Certificate of Service

I, Christopher B. Myhrum, attorney for the Plaintiff, James V. Cariddi, in this matter, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing.

/s/Christopher B. Myhrum
Christopher B. Myhrum