UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-30111-MAP

|  |  |
|---|---|
| JAMES V. CARIDDI,<br>        Plaintiff,<br>v.<br>CONSOLIDATED ALUMINUM CORPORATION,<br>        Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CONSOLIDATED ALUMINUM CORPORATION'S
PRETRIAL MEMORANDUM**

Pursuant to Local Rule 16.5(D), and Procedural Order re: Final Pretrial Conference/Trial dated December 4, 2007, the Defendant, Consolidated Aluminum Corporation ("Conalco") submits this Pretrial Memorandum.

**I.     Statement of the evidence that will be offered with respect to both liability and damages.**

        **Conalco's Summary:**

Plaintiff, James V. Cariddi ("Mr. Cariddi") commenced this action on May 10, 2005 seeking recovery of environmental response action costs under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §9601 et seq. ("CERCLA"), Massachusetts General Law Chapter 21E ("G.L. c. 21E"), and a judgment declaring Conalco's liability and ordering Conalco to reimburse Mr. Cariddi future response costs.  Conalco denied liability.  By Memorandum and Order regarding Report and Recommendation re: Cross Motions for Summary Judgment dated March 20, 2007, this Court entered Summary Judgment in favor of Conalco dismissing Mr. Cariddi's CERCLA claims, and

entered summary judgment in favor of Mr. Cariddi on his claim as to Conalco's liability under G.L. c. 21E, §5(a)(2). Mr. Cariddi subsequently amended his Complaint, and Conalco asserted a Counterclaim for the recovery of its fees under G.L. c. 21E, §4A.

Conalco contends the remedial approach chosen by Mr. Cariddi is neither necessary nor appropriate. Mr. Cariddi's Licensed Site Professional ("LSP") informed the Massachusetts Department of Environmental Protection ("MassDEP") of Mr. Cariddi's preferred remedial action alternative to address the contamination identified at the property in 2005. Mr. Cariddi's approach calls for response actions with a projected cost of $1.4-$1.7 million.

Conalco, through its LSP, disputes that the remedial approach selected by Mr. Cariddi is necessary to prevent, minimize or mitigate damage to health, safety, public welfare or the environment which may result from the contaminants identified at the site or appropriate for the property. Instead, without admission of responsibility or liability, Conalco, through its LSP, has proposed to MassDEP a remedial approach which is appropriate for the property, protective of the interests of G.L. c. 21E, and more cost effective and timely than the approach selected by Mr. Cariddi. Conalco's LSP has received comments from MassDEP in connection with this work, and Conalco is ready to commence further activities requested by MassDEP and the response actions proposed by its LSP upon reaching a satisfactory arrangement with Mr. Cariddi on access and transfer responsibility for the response actions proposed. While there are some actions required by MassDEP or otherwise by regulation which are not included in the work proposed by Conalco, Conalco anticipates reaching a satisfactory arrangement with Mr. Cariddi to allow the appropriate work to commence.

In sum, without admitting responsibility or liability, and expressly denying the same, Conalco will undertake the response actions for which Mr. Cariddi has claimed Conalco is

{Client Files\ENV\303730\0001\FEDERAL\01171277.DOC;1}

responsible, with the exception noted above. By undertaking these response actions, the only aspects of Mr. Cariddi's claim that remain in this case are his claims for past response action costs and attorneys fees.

With respect to Mr. Cariddi's claim for past response action costs, Conalco contends that Mr. Cariddi performed response actions at the property which were neither necessary nor appropriate under the MassDEP regulations and therefore are not recoverable. In addition, because Mr. Cariddi's claim is one in contribution, Conalco is responsible only for its equitable share of response action costs.

With respect to Conalco's claim for attorney's fees, Conalco's position is that Mr. Cariddi is not entitled to fees under G.L. c. 21E. Conalco seeks the recovery of its fees under G.L. c. 21E.

**II.     Facts established by pleadings or stipulations.**

1.     Prior to the commencement of this action, Mr. Cariddi notified Conalco of his intent to seek damages and reimbursement by letter dated May 13, 2002, a copy of which is appended to Mr. Cariddi's original Complaint as Exhibit B.

2.     Prior to the commencement of this action, Conalco responded to Mr. Cariddi's May 13, 2002 letter by letter dated June 10, 2002, a copy of which is appended to Mr. Cariddi's original Complaint as Exhibit C.

3.     Prior to the commencement of this action, Mr. Cariddi notified Conalco again of his intent to seek damages and reimbursement by letter dated February 5, 2004, a copy of which is appended to Mr. Cariddi's original Complaint as Exhibit D.

4. Prior to the commencement of this action, Conalco responded to Mr. Cariddi's February 5, 2004 letter by letter dated October 29, 2004, a copy of which is appended to Mr. Cariddi's original Complaint as Exhibit E.

5. Prior to the commencement of this action, the parties, through counsel, exchanged information and engaged in discussions and entered into an agreement dated April 28, 2005, a copy of which is attached to Conalco's Counterclaim as Exhibit A.

6. Conalco, through its counsel, anticipates establishing additional facts by stipulation prior to trial.

### III. Contested issues of fact.

**Conalco's contested issues of fact:**

1. Conalco did not cause the release of oil at the property.

2. Conalco is not responsible for all releases of oil at the property.

3. Mr. Cariddi did not incur reasonable or necessary or appropriate response actions in connection with the release of oil identified at the property.

4. Mr. Cariddi's proposed response action, with a projected cost range for implementation of approximately $1.4 to $1.7 million, is not necessary to prevent, minimize or mitigate damage to health, safety, public welfare or the environment which may result from contaminants identified at the site, and is not appropriate for the property.

5. Mr. Cariddi's proposed response action, with a projected cost range for implementation of approximately $1.4 to $1.7 million, is not reasonable.

6. Mr. Cariddi has not incurred reasonable expert witness or attorney's fees recoverable under G.L. c. 21E.

### IV. Jurisdictional questions.

There are no jurisdictional questions.

V. **Questions raised by pending motions.**

There are no pending motions.

VI. **Issues of law.**

**Conalco:**

As noted above, Conalco is prepared to undertake necessary and appropriate response actions at the property. This Court still must determine:

1. Whether Conalco caused or is legally responsible or otherwise liable for any or all past or future response actions.

2. Whether other parties, including Mr. Cariddi, caused or are legally responsible or otherwise responsible for the release of oil at the property.

3. Whether Mr. Cariddi has performed necessary and appropriate response actions resulting in reasonable costs which might be subject to reimbursement.

4. Assuming that Mr. Cariddi has incurred reimbursable response action costs, the equitable share of those costs to be borne by Conalco.

5. Whether Cariddi is entitled to any reasonable expert witness and attorneys fees.

6. Whether Conalco is entitled to any reasonable expert witness or attorneys fees.

VII. **Requested amendments to pleadings.**

Conalco does not plan to amend its pleadings at this time.

VIII. **Additional matters that would aid in the disposition of this action.**

The parties continue to discuss settlement of this matter.

The award of fees should be determined post trial, by way of separate fee applications by the parties, supported by affidavit.

**IX.    Probable length of trial.**

The probable length of trial is 3 days.

**X.    Witnesses.**

    **Conalco:**

1. Lawrence Feldman, GZA GeoEnvironmental, Inc., Norwood, Massachusetts

2. Stephan T. Roy, GZA GeoEnvironmental, Inc., East Longmeadow, Massachusetts

3. Randy J. Meuse, GZA GeoEnvironmental, Inc., Norwood, Massachusetts

The purpose of testimony of Mr. Feldman, Mr. Roy and Mr. Meuse will be to describe necessary and appropriate response actions which Conalco's LSP intends to perform, and to demonstrate that response actions performed and proposed by Mr. Cariddi were neither necessary nor appropriate. This testimony is reflected in the updated expert witness disclosures of Defendant, Conalco and the report of Dr. Feldman.

Conalco reserves the right to call rebuttal witness and any of the witnesses listed by Mr. Cariddi.

    **Proposed exhibits:**

Conalco, through counsel, anticipates preparation of a proposed list of exhibits with Mr. Cariddi's counsel prior to trial.

**XI.    Rule 26(a)(3) requires disclosures.**

None.

- 6 -

        Respectfully Submitted,
CONSOLIDATED ALUMINUM
CORPORATION
By its attorneys,


/s/ *Robert D. Cox, Jr.*
Robert D. Cox, Jr., Esq., BBO #546486
Ryan T. Killman, Esq., BBO #654562
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone:  (508) 926-3409
Facsimile:  (508) 929-3012
rcox@bowditch.com

Dated:  June 2, 2008

## CERTIFICATE OF SERVICE

    I, Robert D. Cox, Jr., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on June 2, 2008.


        /s/ Robert D. Cox, Jr.

{Client Files\ENV\303730\0001\FEDERAL\01171277.DOC;1}